IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| DARRELL GERMAN, | ) | C/A 2:11-1063-RMG-BM |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| ATLANTIC BANC HOLDINGS, INC., d/b/a ATLANTIC BANK AND TRUST, CHRIS LANDERS, DEAN LANG, AND NEAL ARNOLD, | ) | |
| Defendants. | ) | |

This action has been filed by the Plaintiff, a former employee of the Defendant Atlantic Bank and Trust,[1] asserting claims of race discrimination. Plaintiff is an African American.

Due to the bankruptcy of the Defendant Dean Lang, this matter was stayed for a period of time. Defendant Lang thereafter filed a Rule 12 motion to dismiss for failure to state a claim on January 13, 2012, and by Order filed January 31, 2012, the stay of this case was vacated.

---

[1] On June 3, 2011, the Office of Thrift Supervision declared Atlantic Bank and Trust insolvent, and appointed the Federal Deposit Insurance Corporation as its receiver (hereinafter "FDIC"), thereby tendering all assets and affairs of Atlantic Bank and Trust to the receiver. See Court Docket No. 33. By Order filed July 21, 2011, the Federal Deposit Insurance Corporation, as receiver of Atlantic Bank and Trust, was substituted for the Defendant Atlantic Bank and Trust as the real party in interest. However, although the FDIC as receiver is now the actual party defendant in this case, for purposes of clarity, the undersigned uses Atlantic Bank and Trust and/or the "Bank" as the name for the Plaintiff's employer.

1



On February 15, 2012, the Defendant Christopher Landers filed two (2) separate motions to dismiss. The Defendants Atlantic Banc Holdings and Neal Arnold also each filed motions to dismiss that same date. Opposition and reply memoranda have been filed with respect to all of these motions, except for the motion to dismiss filed by the Defendant Atlantic Banc Holdings, to which no opposition has been filed.

These motions are now before the Court for disposition.[2]

### Allegations of Complaint

Plaintiff alleges in his amended Complaint that in early 2007 he was contacted by officials of the Defendant Bank asking him to come work for the bank as Director of Operations. Plaintiff alleges that he eventually accepted this offer and began working with the bank on or about March 9, 2007. The terms of Plaintiff's employment were outlined in a letter from the Chief Financial Officer, which including a starting salary, signing bonus, and a provision that he would be entitled to eight (8) months severance pay and would not have to repay any portion of his signing bonus if he was terminated without cause. Plaintiff alleges that at that time and for the duration of his employment, he was the only African American in a management position with the Bank. Plaintiff alleges that over the next two years the Bank gave him increased responsibilities, during which he had an excellent work record, and that he was eventually promoted to Chief Operating Officer (COO).

Plaintiff alleges that in October 2008, the Bank terminated Hal Cobb as its Chief Executive Officer (CEO), and the Defendant Landers became the new CEO. Plaintiff alleges that

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

2



shortly thereafter Landers communicated to Plaintiff's immediate supervisor, Chief Financial Officer (CFO) Guy Brewer, that he was going to terminate the Plaintiff. Plaintiff alleges that Brewer told Landers that the Bank needed Plaintiff, and that Landers then assured Brewer that he would not fire the Plaintiff. Plaintiff further alleges, however, that the very next day (January 7, 2009) Plaintiff was terminated while Brewer was out of the office. Plaintiff alleges that the Defendant Lang, Senior Executive Vice President, participated in the decision to terminate him, and met with the Plaintiff and told him that the Bank was eliminating his position due to economic reasons. Plaintiff alleges that the true reason for his dismissal was his race, but that because of the poor economy at the time of his termination, Plaintiff reasonably relied on the misrepresentations made to him and was unaware at that time that this termination was actually motivated by his race.

Plaintiff alleges that when he was terminated, Lang told him the Bank was going to pay him two (2) months severance to help him get through being unemployed. Plaintiff alleges, however, that he had the letter agreement promising him eight (8) months severance pay if he were terminated without cause, and that although Lang expressed ignorance of this agreement, he assured Plaintiff that it would be followed. Nevertheless, Lang ordered Plaintiff to leave the Bank that very same day. Plaintiff further alleges that, although he did receive the eight (8) months severance pay that he had been promised, he suffered great humiliation and degradation in the manner of his dismissal. Plaintiff alleges that he has applied for numerous jobs since his termination, but that due to the state of the economy and the stigma of his termination he has been unable to find another job comparable to his position with the Bank. Plaintiff also alleges that he regularly checked the open positions at the Bank, but never saw a job position posted that was similar to the position he had



held.

Plaintiff alleges that Lang was subsequently terminated for performance issues. Plaintiff further alleges that in May 2009 the Defendant Neal Arnold was made CEO and Landers was named President. Plaintiff alleges that, at that time, Brewer and others involved with the Bank went to Arnold, told him that Plaintiff had been wrongfully terminated because of his race, and asked Arnold to bring Plaintiff back because the Bank was in need of a person with Plaintiff's qualifications. Plaintiff alleges that Arnold told Brewer and "others" that he would talk to Plaintiff about a job with the Bank, and that because of these assurances, Brewer and these "others" did not inform Plaintiff that they knew he had been terminated because of his race. However, Arnold never contacted Plaintiff about a job with the Bank. Additionally, in the summer of 2009 Arnold posted a job opening for the position of Operations Manager, a position well below the position of Chief Operating Officer (the position Plaintiff had held). Plaintiff alleges, however, that this was a "false posting" in an effort to keep Plaintiff from applying for the COO position, and that the Bank and Arnold then recruited Chris Sibila, a white male, to fill Plaintiff's former position. Plaintiff further alleges that during the time the Bank was recruiting and hiring Sibila, Brewer approached Arnold on a number of occasions, again telling him that Plaintiff had been wrongfully terminated, that he did a good job for the Bank, and that Brewer needed Plaintiff back at the Bank to help with the work that needed to be done, but that Arnold told Brewer that considering Plaintiff for a rehire was "complicated" and that the Bank was not going to rehire him. Plaintiff further alleges that Arnold told Brewer, who was on the team considering the final two applicants for the new position (which Plaintiff describes in the Complaint as the "COO" position), that "I know you are going to make the

4



right decision". Plaintiff alleges that Brewer considered Arnold's statement as an intimidating way to get him [Brewer] to vote for Sibila, the white male, for the position.

Plaintiff alleges that the only reason Arnold would not consider Plaintiff for rehiring was because Plaintiff is an African American, and that even if Plaintiff had known about the unadvertised position and had applied, he would not have been rehired because of his race. Plaintiff further alleges that after the Bank hired Sibila, the Human Resources Director of the Bank told Brewer that Plaintiff had filed a charge of discrimination with the EEOC, but that it would be dismissed because it was not timely filed, and since Plaintiff had not applied for the new position, the Bank had no legal duty to the Plaintiff. However, Plaintiff alleges that the Defendants engaged in a deliberate design to conceal their discriminatory conduct and thereby improperly caused Plaintiff to delay filing a charge of discrimination with the EEOC. Plaintiff further alleges that, unbeknownst to Plaintiff, in the months following his termination for "economic" reasons, the Bank hired numerous employees to work in its Operations Department and increased the salaries paid by the Bank in that department rather than reducing them.

Plaintiff alleges that it was not until early September 2009 that he first learned that the Bank had filled the posted job position, which Plaintiff alleges was actually the Chief Operating Officer position previously held by him, with Mr. Sibila, even though the Bank was still making severance payments to the Plaintiff at the time it hired Sibila. Plaintiff further alleges that the Bank paid relocation expenses to move Sibila to Charleston from Ohio, paid him a salary that greatly exceeded that previously paid to the Plaintiff, and also paid him a housing allowance. Plaintiff alleges that the Bank saved no money by firing him and then filled his former position with a white



male who received a higher salary, even though the Bank was still paying him severance benefits at the very same time, and had also hired numerous persons after Plaintiff had been terminated.

Plaintiff alleges that it was not until Sibila's hiring that Plaintiff realized that the Defendant's stated reason for terminating him was false and was a pretext for race discrimination. Plaintiff alleges that Arnold had no valid reason for his decision not to rehire or to even to consider Plaintiff for a job position, and that the facts show that the Bank and the Defendants Lang and Landers clearly used the reason of "current economic conditions" as a pretext for terminating Plaintiff because he is an African-American.

Plaintiff alleges in his First Cause of Action that the Defendant Bank terminated him due to his race in violation of Title VII. Plaintiff further alleges that he is entitled to equitable tolling of the time to file his charge of discrimination, because the actions of the Defendants were a purposeful attempt to lull him into believing that his termination was not racially discriminatory and to induce Plaintiff to refrain from exercising his rights under Title VII. Plaintiff seeks monetary damages from the Defendant Bank.

Plaintiff alleges in his Second Cause of Action that by terminating and refusing to rehire him because of his race, the Defendants Bank, Lang, Sanders and Arnold unlawfully discriminated against him on the basis of his race in the making and enforcement of his contract of employment, and thereby violated 42 U.S.C. § 1981, entitling him to damages under that statute.

## **Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters in the



Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**(Defendant Lang)**

The Defendant Lang asserts in his motion that he is entitled to dismissal as a party Defendant because he has filed for, and been granted, a discharge under 11 U.S.C. § 727 of the Bankruptcy Code (Chapter 7 discharge). See Court Docket No. 53-1. However, Plaintiff correctly notes that the injunction against suit against a discharged debtor in bankruptcy does not affect the liability of insurers and does not prevent establishing the insurer's liability by proceeding against the discharged debtor. Rather, the only injunction is against suits to collect, recover or offset a debt as to the personal liability of the debtor himself. See 11 U.S.C. § 524(a); In re. Shondel, 950 F.2d 1301, 1307-1308 (7th Cir. 1991); see also In re Kewane Boiler Corp., 297 B.R. 720, 734 (Bakr. N.D.Ill. Aug. 29, 2003).

While there may be some circumstances under which a suit against a discharged debtor for the purpose of establishing liability coverage would still not be allowed, such as where the debtor would be required to pay the cost of his defense or the insurance company has denied coverage or is defending under a reservation of rights; cf. In re. Edgeworth, 993 F.2d 51, 54 (5th Cir. 1993); Lang has advanced no such arguments in his motion, nor did he assert any such claims in a reply brief responding to Plaintiff's arguments. Therefore, as long as the purpose of Plaintiff's suit is to establish Lang's nominal liability in order to collect from his insurance policy, which is what Plaintiff avers in his response to Lang's motion to dismiss, Lang is not entitled to dismissal as a party Defendant on the ground asserted in his motion, and his motion should therefore be denied.



**(Defendant Landers)**

The Defendant Landers asserts in his motion that he is entitled to dismissal from Plaintiff's Second Cause of Action under § 1981 because Plaintiff has failed to allege a cause of action upon which relief may be granted.[3] In support of this motion, Landers' brief contains numerous assertions of facts to defend his conduct and refute Plaintiff's claim. However, when considering the merits of a Rule 12 motion to dismiss, the Court only considers whether the allegations of the Complaint itself are sufficient to state the claim asserted. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).[4] Therefore, the only issue before the Court is whether Plaintiff's amended Complaint sets forth allegations sufficient to state a claim under § 1981 against this Defendant. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir.

---

[3] As previously noted, Landers has actually filed two motions to dismiss (Court Docket Nos. 61 and 62). Landers first motion to dismiss also asserted entitlement to dismissal as a party defendant under Plaintiff's First Cause of Action under Title VII. However, Plaintiff's First Cause of Action under Title VII is only asserted against the Defendant Atlantic Bank and Trust.

[4] Statements and arguments by counsel in a memorandum are not evidence, and the undersigned cannot assume the truth of the factual assertions set forth in Defendant's memorandum for purposes of evaluation of Defendant's 12(b) motion to dismiss. In any event, even if the motion before the Court was a Rule 56 motion for summary judgment, the purported "facts" refuting Plaintiff's version of events as set forth in Defendant's motion would not constitute proper evidence for consideration by the Court in deciding the motion. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; see also Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].



2009)[requirement is that Plaintiff's allegations provide sufficient notice to defendants of the plaintiff's claim]; Austen v. Catterton Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010)[Plaintiff required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible]; Mediacom Southeast LLC v BellSouth Telecommunications, Inc., No. 10-6117, 2012 WL 678166, at * 4 (6th Cir. Oct. 6, 2011)[crediting the Defendant's, rather than the Plaintiff's, version of the facts unduly raises the pleading standard beyond the heightened level of Iqbal].

Section 1981 establish that "[a]ll persons . . . have the same rights . . . to make an enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Making and enforcing contracts includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Therefore, to pursue a claim under § 1981, Plaintiff must prove that the Defendant "intended to discriminate [against the Plaintiff] on the basis of his race, and that the discrimination interfered with a contractual interest." Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006).

Here, Plaintiff alleges in his amended Complaint that he is an African-American, and that he had a contract with the Defendant Bank to work as the Bank's Director of Operations. Plaintiff alleges that he was hired by Hal Cobb, then Chief Executive Officer of the Bank, and Guy Brewer, the Chief Financial Officer, and that at the time he was hired he was the only African-American in a management position with the Bank. However, in October 2008, Landers replaced Cobb as the Bank's CEO, following which he made the decision to terminate Plaintiff's employment, even though his excellent job performance had resulted in his being promoted to Chief Operating Officer of the Bank, and despite Landers having been told by the Bank's CFO that Plaintiff was a

9



valuable employee and that the Bank needed him. Plaintiff also alleges that the Bank's CFO and others involved with the Bank told new Bank CFO Neal Arnold, after Landers had been made President of the Bank, that Plaintiff had been wrongfully terminated because of his race and that Plaintiff should be rehired, but that instead a white male was ultimately hired to fill his former position.[5]

These factual allegations are sufficient to set forth a cause of action under § 1981 against the Defendant Landers. Plaintiff has alleged that he is a member of a protected class, that he had a contract of employment with the Defendant Bank, that he was performing his job satisfactorily, and that he was subjected to an adverse employment action (he was terminated). Plaintiff further alleges that he was the only African-American in a management position with the Defendant, and that it was Landers, after he became CEO of the Defendant in October 2008, who made the decision to terminate him. Plaintiff alleges that after Landers was replaced as CEO by Neal Arnold (when Landers became President of the Bank), Chief Financial Officer Guy Brewer told Arnold that Plaintiff had been wrongfully terminated because of his race, and asked Arnold to rehire him. These allegations are sufficient to give rise to an inference of unlawful discrimination. Hence, Plaintiff's factual allegations meet the criteria for setting forth a claim for violation of § 1981. Denny, 456 F.3d at 434 [Under § 1981, Plaintiff must show that the defendant "intended to discriminate [against the

---

[5]Plaintiff attached an affidavit from a bank official to his memorandum in opposition to the Defendant's motion to dismiss. However, as this is a Rule 12 motion, the undersigned has not considered the averments of facts set forth in that affidavit. Cf. Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991)(quoting Fonte v. Board of Mgrs of Continental Tower Condo, 848 F.2d 24, 25 (2d Cir. 1988)["If the district court considered an affidavit in disposing of the Rule 12(b)(6) motion, it erred in failing to convert to one for summary judgment as the rule requires."] (citations omitted).



Plaintiff] on the basis of his race, and that the discrimination interfered with a contractual interest"]; Austen v. H.C.A. Health Services of Virginia, Inc., No. 00-2359, 2001 WL 242203, at * 1 (4th Cir. Mar. 12, 2001)[To establish a prima facie case of race discrimination, Plaintiff must show that he is a member of a protected class, that he was performing his job satisfactorily, that he was subjected to an adverse employment action, and there is some evidence giving rise to an inference of unlawful discrimination];[6] Flores v. City and County of Denver, 30 Fed.Appx. 816, 819 (10th Cir. 2002)[Individual defendant can be held liable under § 1981 if individual defendant was personally involved in discriminatory conduct].

Therefore, Landers is not entitled to dismissal as a party Defendant on the ground that Plaintiff has failed to state a claim. Rule 8, Fed.R.Civ.P. [stating that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief

---

[6]While Austen is a Title VII case, the standard for considering lawsuits under § 1981 are basically the same as the standards applicable to lawsuits under Title VII, with the same caselaw being used to evaluate a claim under either statute. See Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1050 (8th Cir. 2002)["In analyzing a claim . . . under section 1981, we apply the same standards as in a similar Title VII claim."]; Long v. First Union Corp. of Virginia, 894 F.Supp. 933, 945 (E.D.Va. 1995); Kim v. Nash Finch Co., 123 F.3d 1046, 1063 (8th Cir. 1997).

11



above the speculative level].

**(Defendant Arnold)**

The Defendant Arnold argues in his motion to dismiss that he is entitled to dismissal as a party Defendant because the only claim asserted against him is a claim of failure to rehire (there is no allegation that Arnold that involved in Plaintiff's termination), and that since Plaintiff fails to allege in his amended Complaint that he applied for the position of Operations Manager (which Plaintiff alleges in his Complaint was actually his old COO position) that was filed by Sibila, he has failed to state a claim.

Ordinarily, a failure to hire claim contains the following elements: 1) Plaintiff is a member of a protected group; 2) Defendant had an open position for which he applied or sought to apply; 3) Plaintiff was qualified for the position; and 4) he was rejected for the position under circumstances giving rise to unlawful discrimination. Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 780 (D.Md. Oct. 6, 2010)(citing Evans v. Technologies Application & Service Co., 80 F.3d 954, 959-960 (4th Cir. 1996). Here, Plaintiff alleges he is a member of a protected group (African-American), that he was qualified for the position, that he was not hired for the position at issue, and that a person outside of his protected group (Sibila) was hired for the position at issue giving rise to an inference that he was rejected for discriminatory reasons. Plaintiff does not allege that he ever applied for the position at issue, ordinarily one of the necessary elements. However, Plaintiff alleges in his Complaint that he did not apply because the posted job opening was for the position of Operations Manager, a position well below his former position of COO, even though (unknown to him) it was actually the position previously held by the Plaintiff. Plaintiff alleges that there was no advertised job posting for the position of COO, and that in any event even if he had

12



applied for the advertised position he would not have been rehired because of his race.

In support of this claim, Plaintiff alleges that Brewer had told Arnold that Plaintiff had been wrongfully terminated because of his race and asked him to rehire the Plaintiff, but that Arnold instead recruited Sibila, a white male, to fill Plaintiff's former position, with Arnold ultimately telling Brewer that the Bank was not going to rehire Plaintiff and that he knew that Brewer was "going to make the right decision" (Brewer was on the team considering the final two applicants for the position), which was a way of pressuring Brewer to select Sibila for the position. These factual allegations are sufficient to state a claim of discriminatory failure to hire against Arnold.[7] Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; Francis, et al, v. Giacomelli, No. 08-1908, (4th Cir. Dec 2, 2009)[Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; Vogt v. Greenmarine Holding, LLC, 318 F.Supp.2d 146 (S.D.N.Y. 2004) Vogt, 318 F.Supp.2d at 146 [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"]; see also Austen, 709 F.Supp.2d at 171 [Iqbal's plausibility standard "does not impose a

---

[7]Both parties have submitted or referred to affidavits to support their arguments in their briefs. However, as this is a Rule 12 motion to dismiss, the undersigned has not considered these affidavits. Wilson, 942 F.2d at 252. Further, because of the early stage of this case, the paucity of evidence provided, and the need for discovery to establish the viability of this claim, the undersigned declines to convert this motion to a Rule 56 motion for summary judgment. See Graham v. Rivera, No. 07-932, 2007 WL 3391625 at *5 n. 3 (D.S.C. Nov. 9, 2007)[Rule 12(b)(6) does not mandate that a district court treat a motion to dismiss as a motion for summary judgment just because a party includes exhibits].

13



probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely"],

While Defendant is correct that Plaintiff does not allege that he applied for the position at issue, that is not fatal to his claim at the Rule 12 pleading stage due to the other facts alleged in the Complaint. This is not a case where a plaintiff is contending that he was qualified for numerous positions which were filled by the Bank, while he was unemployed and for which he had otherwise expressed no interest or applied, even though he knew the positions were open. Rather, this is about a specific position, which Plaintiff alleges was in fact his old position but which the Defendant advertised as a different position so that Plaintiff did not know to apply for it. Brown v. McClean, 159 F.3d 898, 903-904 (4th Cir. 1998)[Holding that Title VII does not require a Plaintiff to apply for a job when to do so would be a futile gesture, and also noting that application requirement can be excused where alleged discriminatory practices or conduct prevented Plaintiff from applying for a position]. Further, prior to filling the position with a white male, the allegation of the Complaint is that the Chief Financial Officer at the Bank told Arnold that Plaintiff had been wrongfully terminated from his job because of his race, asked Arnold to rehire the Plaintiff, but was then instead instructed by Arnold to "make the right decision" with respect to hiring a white male for the advertised position. Cf. Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998)[Noting that while failure to hire claim generally requires a Plaintiff to allege that he or she to applied for a specific position and was rejected therefrom, the pleading requirements in discrimination cases are very lenient, even di minimus, and that the criteria for stating a claim are subject to modification



where the facts of a particular case "make an allegation of a specific application a quixotic requirement"].

Therefore, while Plaintiff will still have to submit *evidence* sufficient to establish that the Defendant actually engaged in the conduct alleged and that his motivations were discriminatory, the allegations of Plaintiff's Complaint are sufficient to state a claim so as to allow his failure to hire case against Arnold to go forward.  Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; cf. Slade, 407 F.3d at 248 ["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"]; Veney, 293 F.3d at 730 ["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).  Arnold's motion to dismiss should therefore be denied.

### (Defendant Atlantic Banc Holdings, Inc.)

The Defendant Atlantic Banc Holdings, Inc. ("ABH") asserts that it is entitled to dismissal as a party Defendant because, although the sole shareholder of the Defendant Bank, it was not Plaintiff's employer, and that in any event, other than being identified in the body of the amended Complaint as a South Carolina corporation with its principle place of business in Charleston County, South Carolina, there is no further mention of ABH in the amended Complaint and Plaintiff has



therefore failed to state a claim against this Defendant.

The time for Plaintiff to respond to this Defendant's motion has now expired, with Plaintiff having filed no opposition to the motion. Further, a review of the Complaint confirms that the Complaint contains no substantive claims against this Defendant, nor does Plaintiff allege that he was an employee of this Defendant or that he ever had any type of contractual employment relationship with this Defendant, or that any of the named natural Defendants was an employee of this Defendant. Therefore, this Defendant's motion should be granted, and ABH should be dismissed as a party Defendant in this case.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant ABH's motion to dismiss be **granted**, and that that Defendant be **dismissed** as a party Defendant in this case. The motions to dismiss filed by the remaining Defendants should all be **denied**, with the exception of the Defendant Lander's motion to dismiss (Court Docket No. 61), which is **moot**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 16, 2012
Charleston, South Carolina

16



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

