IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell German, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:11-1063-RMG |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Atlantic Banc Holdings, Inc., d/b/a Atlantic ) | |
| Bank and Trust, Chris Landers, Dean Lang, ) | |
| and Neal Arnold, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Defendants' various motions to dismiss. (Dkt. Nos. 53, 61, 62, 63 and 64). Plaintiff brought this case alleging racial discrimination in his employment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. and in violation of 42 U.S.C. § 1981. Pursuant to the provisions of Title 28, United States Code § 636(b)(1)(A), and the Local Rules, all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. Plaintiff has filed responses to the various motions to dismiss (Dkt. Nos. 54, 65, 69) and Defendants have filed replies (Dkt. Nos. 66 and 70). The Magistrate Judge issued a Report and Recommendation recommending that Defendant Atlantic Banc Holdings, Inc. (hereafter "ABH")'s motion to dismiss be granted and all other Defendants' motions to dismiss be denied.[1] Plaintiff has filed an objection only as to Defendant ABH (Dkt. No. 72) and Defendant ABH has filed a reply (Dkt. No. 74). The other Defendants did not object to the Report and Recommendation. In light of the absence of objections from all Defendants except ABH, and after reviewing the parties' filings and the

---

[1] While the Magistrate Judge treated one of Defendant Landers' motions to dismiss as moot (Dkt. No. 61), both motions to dismiss discuss Plaintiff's § 1981 claim and thus the Court dismisses both motions to dismiss on the basis of the sound reasoning set forth in the R & R.

1

applicable law, the Court adopts the Magistrate Judge's Report and Recommendation as to all Defendants except Defendant ABH.   For the reasons discussed herein, the Court interprets Defendant ABH's motion to dismiss to include a motion for a more definite statement pursuant to Federal Rule Civil Procedure 12(e) and grants Defendant's motion.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

The Magistrate Judge recommended granting Defendant ABH's motion to dismiss on the basis that Plaintiff did not timely file an opposition to Defendant ABH's motion and that Plaintiff's Amended Complaint did not allege an employment relationship with Defendant ABH, the sole shareholder of Defendant Atlantic Bank and Trust (hereafter "Defendant Bank").[2] Plaintiff filed an objection asking the Court to consider its timely response to Defendant ABH's previously filed motion to dismiss.[3] (Dkt. No. 72). Defendant ABH filed a reply arguing that Plaintiff failed to respond in a timely manner and that Plaintiff's Amended Complaint fails to state a claim as to Defendant ABH. (Dkt. No. 74). No additional objections or replies were filed by either Plaintiff or the other Defendants.

---

[2] As the Magistrate Judge discussed, the Federal Deposit Insurance Corporation has been substituted for Atlantic Bank and Trust as the real party in interest.

[3] Defendant ABH filed a motion to dismiss (Dkt. No. 22) and Plaintiff filed a response (Dkt. No. 29) prior to the issuance of a stay by the Magistrate Judge on July 21, 2011. Defendant ABH thereafter renewed its original motion to dismiss. (Dkt. No. 57).

Defendant ABH argues that there are no allegations in the Amended Complaint against Defendant ABH other than its identification as a South Carolina corporation with its principal place of business in Charleston County, South Carolina. (Dkt. No. 63 at 2). In Plaintiff's response to the motion to dismiss, Plaintiff alleges that Defendant ABH is the operating company of its wholly owned subsidiary, Defendant Bank. (Dkt. No. 29 at 1). Plaintiff further alleges that as its parent company, Defendant ABH has the right to control Defendant Bank and may be liable in whole or in part to Plaintiff. *Id.*

A prima facie case against Defendant ABH requires a showing that it was the "employer" of Plaintiff, not just that it was Defendant Bank's parent company. *See, e.g., Johnson v. Flowers Industries, Inc.*, 814 F.2d 978, 979-980 (4th Cir. 1987). The Plaintiff must plead with sufficient specificity to determine whether Defendant ABH exercised sufficient control over the employment practices and/or operations of the subsidiary to render it effectively the employer of Plaintiff. *Id.* at 981. The Court, therefore, interprets Defendant ABH's motion to dismiss to include a motion for a more definite statement pursuant to Federal Rule Civil Procedure 12(e) and grants Defendant's motion.

## CONCLUSION

After a thorough review of the record, the Magistrate Judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation as to all Defendants except as to Defendant ABH. The Court **DENIES** Defendants Lang, Landers and Arnold's motions to dismiss. (Dkt. No. 53, 61, 62 and 64). The Court construes Defendant ABH's motion to dismiss to include a motion for a more definite statement and **GRANTS** Defendant's motion for a more definite statement. The Court at this

point **DENIES** Defendant ABH's motion to dismiss *without* prejudice. (Dkt. No. 63). Plaintiff shall have fifteen days to amend his Complaint in accordance with the Court's Order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

May 4, 2012
Charleston, South Carolina